

FILED
2013 Sep-09 PM 02:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

GARY WAYNE BOWMAN,            )
                              )
        Plaintiff,            )
                              )
    v.                        )  CIVIL ACTION NO. 1:10-CV-3598-SLB
                              )
CAROLYN W. COLVIN,            )
Commissioner of Social Security, )
                              )
        Defendant.            )

### MEMORANDUM OPINION

The Plaintiff, Gary Wayne Bowman, brings this action seeking review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying his claim for Disability Insurance Benefits, and Supplemental Security Income. Plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g). Based upon the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.[1]

**I.      Proceedings Below**

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity"

---

[1] This case was initially assigned to the docket of Senior District Judge J. Foy Guin, Jr.

is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id*. If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any other work commensurate with his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g),

404.1560(c).

In the instant case, the ALJ determined that the Plaintiff has not engaged in substantial gainful activity since June 30, 2010, his alleged onset date, and that the Plaintiff has the severe impairments of neck and shoulder pain. R. 11. However, the ALJ found that despite these impairments, the Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." R. 12. After consideration of the record, the ALJ then determined that the Plaintiff has the residual functional capacity to perform light work with the exception that the Plaintiff has gross manipulative limitations for frequent handling and for occasional fingering. *Id*. The ALJ found that the Plaintiff was unable to perform his past relevant work. R. 15  Based upon the Plaintiff's RFC and expert vocational testimony, the ALJ found the Plaintiff could perform the jobs of sorter, cleaning, and laundry sorter. R. 16. Therefore, the ALJ concluded that the Plaintiff is not disabled. R. 28.

## II.    Plaintiff's Argument for Reversal

Plaintiff presents two arguments why this court should reverse the decision of the ALJ. First, Plaintiff contends "the ALJ failed to properly articulate good cause for according less weight to the opinions of Plaintiff's treating physician." Pl.'s Br. at 6.  Second, Plaintiff contends the ALJ committed error by failing to "properly evaluate the credibility of Plaintiff's testimony of disabling symptoms consistent with the Eleventh Circuit Pain Standard." Pl.'s Br. at 9.

## III.    Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d

835, 838 (11th Cir. 1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See Id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

**IV.    Discussion**

At his hearing before the ALJ, Plaintiff testified he was primarily unable to work due to his back pain. R. 26. He testified that his pain was normally between six and eight on a ten-point scale. R 28. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id*. (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)). If an ALJ discredits a claimant's subjective complaints, he must give "explicit and adequate reasons" for his decision. *See Foote,* 67 F.3d at 1561-62. "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Id*. at 1562. The ALJ's credibility determination need not cite "particular phrases or formulations" as long as it enables the court to conclude that the ALJ considered the Plaintiff's medical condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (citing Foote, 67 F.3d at 1561).

In refusing to credit Plaintiff's testimony of disabling symptoms, the ALJ cited physical therapy records indicating Plaintiff's pain was rated at a less than severe level on most visits. R. 13-14. Although there are occasional therapy notes indicating pain at a severe level, the therapy notes indicate Plaintiff's pain responded well to physical therapy. Overall, the physical therapy records show that Plaintiff's pain was consistently rated below seven on a ten-point scale, and often it was rated at three or below. In June and July 2008, Plaintiff reported neck pain at a 2/10 level on all seven visits. This included the visit of July 21, 2008, when Plaintiff reported he was "a little sore from cleaning the carpet at home" over the weekend. R. 266. In his credibility discussion, the ALJ also cited the functional capacity evaluation ("FCE") of September 11, 2006, which found that Plaintiff was able to perform medium work, R. 14. Therefore, the court finds the ALJ's decision not to credit the Plaintiff's testimony of disabling

5

pain is supported by substantial evidence.

In assessing the medical opinion evidence, the ALJ found Dr. Hakim's opinions were entitled to little weight. A treating physician's opinion is entitled to controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (treating physician opinion must be given substantial or considerable weight unless "good cause" shown to the contrary). The Eleventh Circuit has held that good cause exists for rejecting a treating physician's opinion when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

The ALJ noted that Dr. Hakim had not seen the Plaintiff for over a year at the time he completed the physical capacity evaluation ("PCE"). R. 14. The ALJ found Dr. Hakim's lack of treatment during that time to be largely inconsistent with his PCE showing disabling symptoms. R. 14. The ALJ found Dr. Hakim's PCE was inconsistent with his treatment notes and physical therapy notes. R. 15. The Plaintiff's physical therapy notes show the Plaintiff's pain was consistently rated as less than severe on most visits. On July 23, 2008, Plaintiff's pain was rated as a two on a ten-point-scale, and he was discharged from physical therapy because he had reached his maximum potential. R. 265. Dr. Hakim's final treatment note on August 21, 2008, states the Plaintiff reported "that his neck pain [was] doing good with the therapy." R. 328. Therefore, the treatment records provide substantial evidence to support the ALJ's decision not

6

to credit Dr. Hakim's PCE. The ALJ gave great weight to the FCE of September 11, 2006, which found the Plaintiff was able to perform medium work. R. 14. This FCE provides additional evidence supporting the ALJ's decision to discount Dr. Hakim's PCE.

## V.     Conclusion

The court concludes that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence, and the ALJ applied the proper legal standards in arriving at this decision. Accordingly, the Commissioner's final decision is due to be affirmed. A separate Order will be entered.

Done this 9th day of September, 2013.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE